631 A.2d 1081

**William CUNNINGHAM, Petitioner,**

**v.**

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 17, 1993.

Decided Sept. 14, 1993.

430

Wayne H. Hundertmark, for petitioner.

Jeffrey P. Schmoyer, for respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

William Cunningham (Cunningham) appeals from a final order of the Department of Public Welfare (DPW) denying his appeal from a decision of the Office of Fraud and Abuse Investigation and Recovery (FAIR) which determined that Cunningham's real property is subject to reimbursement for assistance received in the amount of $10,828.01.[1]

The DPW Office of Hearings and Appeals (OHA) issued the following findings of fact:

1. The appellant was married to Julie Goodman on March 20, 1982. The appellant had two minor stepchildren

---

1. The record reveals that Cunningham, his wife and children received $17,716.90 in assistance for the period from September 20, 1988 through March 6, 1992. Cunningham provided reimbursement in the amount of $6,920.89, leaving a net claim of $10,828.01. Reproduced Record (R.) at 38.

from this relationship, Michael and Michele Goodman. Mr. & Mrs. Cunningham had two natural [sic] children, Christopher, born May 28, 1985 and Nicole, born June 11, 1986.

2. On June 30, 1987, by articles of agreement of that date, William and Julie Cunningham acquired resident real property at RD 2, Stonesboro, Mineral Township, PA.

3. In November 1989 William and Julie Cunningham separated. Subsequently Mrs. Cunningham received cash assistance in both Clarion and Venango Counties for herself and her minor children.

4. On February 21, 1990 FAIR recorded a DPW real property lien (PA–9) in the amount of $5,000.00, signed by both Mr. and Mrs. Cunningham, encumbering their real property for assistance received.

5. On March 13, 1992, in response to an inquiry from the appellant, FAIR computed a statement of claim for the reimbursement of cash assistance from appellant's resident real property as follows:

Asst
| CR#610027986C | 9–20–88—11–21–90 | | | $10,340.50 |
| CR#160031071C | 11–17–90— 3–21–91 | | | 2,224.90 |
| CR#160031071C | 4–5–91— 3–6–92 | | | 5,151.50 |
| Recording Costs | | | | $17,716.90 |
| | | | + | 32.00 |
| | | | | $17,748.90 |
| Credits | | | | |
| | Support paid | | $ 222.00 | |
| | Support paid | | 1,264.00 | |
| | Support paid | | 1,188.00 | |
| | | ST | 2,674.00 | |
| | Reimbursement | | 3,897.09 | |
| | Reimbursement | | 349.80 | |
| | | ST | $4,246.89 | |
| | Total Credits | | | − 6,920.89 |
| Net Statement of Claim | | | | $10,828.01 |

6. On March 21, 1992 the appellant made a request for a hearing to FAIR.

In the discussion section of its determination, the hearing officer explained that Cunningham requested a hearing because of his desire to sell his residential real property and to clear the existing DPW lien to enable the realization of a satisfactory profit from the sale. The hearing officer concluded that Cunningham's real property is subject to reimbursement for assistance received for the period September 20, 1988 to March 21, 1991 [2] in the amount of $10,828; therefore, the hearing officer denied Cunningham's appeal.

The decision of the hearing officer was affirmed by the Director of the OHA on July 24, 1992. Cunningham's request for reconsideration was denied by the Secretary on August 14, 1992. This appeal follows.[3]

OHA based its decision to deny Cunningham's appeal on the Support Law (Law), Act of June 24, 1937, P.L. 2045, *as amended*, 62 P.S. §§ 1971–1977. At the time of OHA's decision, section 4(a) of the Law, 62 P.S. § 1974(a), provided as follows:

[T]he real and personal property of any person shall be liable ... for the expenses of the support, maintenance, assistance and burial of the spouse and unemancipated minor children of such property owner, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred, or if a right or cause of action existed during the time such expenses were incurred from which the ownership of such property resulted. Any public body or public agency may sue the owner of such property for moneys so expended, and any judgment obtained shall be a lien upon the said real estate of such person and be collected as other judgments, except

2. The record reveals that the proper date in question is actually March 6, 1992. Therefore, we assume the hearing officer's reference to March 21, 1991 is inadvertent.

3. This court's scope of review is limited to a determination of whether the adjudication by DPW is in accordance with the law, the findings of fact are supported by substantial evidence, and no constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Harston Hall Nursing & Convalescent Home, Inc. v. Department of Public Welfare*, 99 Pa.Commonwealth Ct. 475, 513 A.2d 1097 (1986).

as to the real and personal property comprising the home and furnishings of such person, which home shall be subject to the lien of such judgment but shall not be subject to execution on such judgment during the lifetime of the person, surviving spouse, or dependent children.

On June 7, 1993, the Governor of Pennsylvania signed Act 1993–17, amending in part the language set out above. One of the purposes of the amendatory language is to abolish and provide for the release of liens on resident real property. Section two of Act 17 provides that, "Real property used as the primary residence of an individual which, as of the effective date of this Act, is subject to a lien under section 4 of the Act is released from the lien."

We find section two of Act 17, controlling of the set of facts currently before us. Under Act 17, the lien on Cunningham's resident real property is released. Because the plain language of the statute clearly contemplates the precise scenario before us on review, the central issue is effectively rendered moot.

Accordingly, the final order entered by DPW is reversed.

## ORDER

NOW, this 14th day of September, 1993, the order of the Department of Public Welfare, Office of Hearings and Appeals, dated August 14, 1992, at No. 610027986–001, is reversed.